TRINA A. HIGGINS, United States Attorney (#7349)
ALLISON H. BEHRENS, Assistant United States Attorney (#38482MO)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | GOVERNMENT'S FIRST |
| | : | MOTION IN LIMINE FOR |
| Plaintiff, | : | DETERMINATION OF |
| | : | ADMISSIBILITY OF |
| vs. | : | STATEMENTS AT TRIAL |
| | : | PURSUANT TO 18 U.S.C. § 3501 |
| DANIEL DAVID EGLI, | : | |
| | : | 2:22 CR 0210 TC |
| Defendant. | : | |
| | : | Judge Tena Campbell |

COMES NOW the United States of America, by and through its attorneys Trina A. Higgins, United States Attorney for the District of Utah, and Allison H. Behrens, Assistant United States Attorney for said District, and for its first motion in limine, states as follows:

The Government intends to introduce into evidence at trial statements made by Defendant when U.S. Probation Officers conducted a routine home visit on February 27, 2021. During that visit, officers seized several unauthorized devices from Defendant's

1

bedroom and, as the officers located the various devices, Defendant made statements which could be interpreted as inculpatory. After the officers left the residence, Defendant emailed the officers, admitting that he had an unauthorized internet connection through which he was accessing various unauthorized websites.

Title 18, United States Code, Section 3501, of the Federal Rules of Criminal Procedure provides:

> In any criminal prosecution brought by the United States … a confession … shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.

18 U.S.C. § 3501(a). The term "confession" is defined as "any confession of guilt of any criminal offense or any self-incriminating statement made or given, orally or in writing." 18 U.S.C. § 3501(e).  Subsection (b) of this statute section sets forth the factors the Court shall take into consideration in determining whether the confession was voluntary. In particular, the trial judge shall consider:

> (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or nor such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether

2

> or not such defendant was without the assistance of counsel when questioned and when giving such confession.

18 U.S.C. § 3501(b).  The presence or absence of any of these factors is not conclusive on the issue of voluntariness. Instead, it is but part of the consideration of *all* the circumstances surrounding the giving of the confession. *Id.*

The Government requests a pre-trial hearing outside the presence of the jury to determine the voluntariness of statements made by Defendant when U.S. Probation Officers traveled to Defendant's residence for the purpose of conducting a home visit. At that time, Defendant made statements that, although not technically a confession, were nonetheless inculpatory. Additionally, after the home visit was completed, Defendant sent an e-mail to his probation officer admitting he had an unauthorized internet source. Therefore, out of an abundance of caution, the Government seeks to establish that those statements were voluntary and are therefore admissible at trial.

First, the Government will establish that Defendant was not in custody on February 27, 2021. On that date, U.S. Probation Officers traveled to Defendant's residence for the purpose of conducting a home visit.  During that visit, Defendant was never arrested or detained.  Indeed, the officers left Defendant's residence upon completing their home visit.

Second, the Government will establish that all statements made by Defendant were voluntary. The statements made by Defendant were volunteered in response to items found by U.S. Probation Officers during their routine home visits.  Defendant was not subject to

3

interrogation. Moreover, the circumstances surrounding Defendant's statements will establish that there was no conduct on the part of the officers that affected Defendant's statements.

WHEREFORE, for the reasons stated, the United States respectfully requests that the Court (1) grant this motion, (2) determine out of the presence of the jury any issue relating to the voluntariness of Defendant's statements, and (3) conclude that the Defendant's non-custodial statements were voluntary and are admissible at trial.

Dated this 9th day of August, 2023.

TRINA A. HIGGINS
United States Attorney

s/ *Allison H. Behrens*
ALLISON H. BEHRENS
Assistant United States Attorney

4