IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL DAVID EGLI,<br><br>Defendant. | **ORDER AND MEMORANDUM DECISION ON MOTIONS IN LIMINE AND MOTION FOR EXTENSION OF TIME**<br><br>Case No. 2:22-cr-00210-TC<br><br>Judge Tena Campbell |

Before the court are three motions in limine filed by the government in August 2023 (ECF Nos. 35, 37, & 39) and a motion for an extension of time to file a surreply to those motions in limine filed by Defendant Daniel David Egli (ECF No. 59). For the reasons stated below, the court denies Mr. Egli's motion for an extension of time and grants the government's motions in limine.

## BACKGROUND

Mr. Egli was indicted on June 8, 2022, for one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (See Indictment, ECF No. 1 at 1.) In January 2023, Mr. Egli informed the court that he wanted to represent himself and requested that the court allow his court-appointed counsel, Vanessa Ramos, to withdraw. (Mot. to Withdraw as Counsel & Req. for Hr'g, ECF No. 21.) United States Magistrate Judge Daphne A. Oberg held a hearing on Mr. Egli's requests and determined that Mr. Egli was knowingly and voluntarily waiving his

1

right to counsel. (Min. Entry for Feb. 7, 2023 Proceedings, ECF No. 23.) Judge Oberg therefore allowed Mr. Egli to proceed pro se, but asked Ms. Ramos to continue as standby counsel. (Dkt. Text Order dated Feb. 9, 2023, ECF No. 24; Feb. 7, 2023 Hr'g Tr., ECF No. 28 at 19:20–21.)

After several continuances, the court set trial for September 11, 2023, and, in anticipation of trial, the government filed the three pending motions in limine. (See ECF Nos. 35, 37, & 39; see Order Continuing Trial Date dated Apr. 26, 2023, ECF No. 34.) But based on Mr. Egli's representations that he wished to pursue a civil action challenging the legitimacy of these criminal proceedings and to allow him adequate time to prepare, the United States moved to continue that trial setting for an additional six months. (See Mot. to Continue, ECF No. 40.) The court granted that motion and set trial for March 11, 2024. (See Order Continuing Trial Date dated Aug. 23, 2023, ECF No. 42.) As that date approached, the court ordered Mr. Egli to file any responses to the motions in limine by February 13, 2024. (See Order dated Jan. 30, 2024, ECF No. 43.) The day before that deadline, Mr. Egli filed a motion seeking more time to respond. (Mot. for Extension of Time, ECF No. 44.) On February 21, 2024, the court held a hearing to discuss Mr. Egli's request for an extension. (See Min. Entry, ECF No. 46.)

At the hearing, Mr. Egli informed the court that because he had been transferred numerous times from jail to jail, he had lost discovery and, as a result, had been unable to file responses to the government's motions. (See id.) Based on those representations, the court granted Mr. Egli's request for an extension, giving him until April 1, 2024, to respond to the government's motions. (See id.) The government assured the court that it would replace all discovery for Mr. Egli and hand deliver it to him at the Davis County Jail. (See id.) The government later notified the court that it had accomplished this task. (See Notice, ECF No. 49.) Mr. Egli mailed his responses to the court by the April 1, 2024 deadline. (See Envelope, ECF

2

No. 50-1; see also Resps. to Mots. in Limine, ECF Nos. 50 & 51.) The court then set a hearing on the motions in limine for April 25, 2024. (See Notice of Hr'g on Mots., ECF No. 52.)

Just days before the April 25, 2024 hearing, Mr. Egli filed a motion for leave to file a surreply (ECF No. 54). Mr. Egli claimed that the government's reply in support of its motions in limine raised new allegations. (Id. at 4.) Mr. Egli requested that the court allow him until at least June 24, 2024, to submit his surreply. Finding that more briefing on the motions in limine would not be helpful, the court denied Mr. Egli's motion. (See Order dated Apr. 24, 2024, ECF No. 55.) But after Mr. Egli raised his request again at the April 25, 2024 hearing, the court granted Mr. Egli's request and gave him until June 24, 2024, to file a surreply. (See Order dated Apr. 25, 2024, ECF No. 57.)

Mr. Egli has now moved for a two-month extension to file his surreply (ECF No. 59). Mr. Egli again claims that he has not received the materials necessary for his defense and that the Jail has refused to recognize his status as a pro se defendant. (Id. at 2.)

The court denies this request because there is no good cause for a continued delay. Mr. Egli has not specified what materials necessary for his defense he has not received. (See id.) To the court's knowledge, Davis County Jail is aware that Mr. Egli is proceeding as a pro se defendant. The court also does not find that the government raised new issues in its reply. (See Reply, ECF No. 53). The court has given Mr. Egli approximately nine additional months to respond to the government's motions. The court has set Mr. Egli's case for a 4-day jury trial to begin on September 23, 2024 (see Notice of Hr'g, ECF No. 58) and is not inclined to allow further postponements.

In his motion, Mr. Egli raises the additional concern that he has been denied effective counsel. (See ECF No. 59 at 1.) But Mr. Egli elected to proceed pro se and cannot claim

3

ineffective assistance of counsel where he has refused the help of a defense attorney. If Mr. Egli no longer wants to proceed pro se, he must file a motion for court-appointed counsel.

Having addressed Mr. Egli's request for an extension, the court turns to the motions in limine.

## DISCUSSION

"The admission or exclusion of evidence lies within the sound discretion of the trial court[.]" Robinson v. Mo. Pac. R.R. Co., 16 F.3d 1083, 1086 (10th Cir. 1994). Because Mr. Egli is proceeding pro se, the court construes his pleadings liberally. See Crabtree v. Oklahoma, 564 F. App'x 402, 404 (10th Cir. 2014) ("[C]ourts owe a liberal construction to pro se pleadings[.]").

The government's first motion in limine asks the court to admit statements made by Mr. Egli when U.S. Probation Officers conducted a routine home visit on February 27, 2021. (See ECF No. 35 at 1.) The second motion requests that the court prohibit Mr. Egli from informing the jury of the potential punishment or sentence if he is convicted. (See ECF No. 37 at 1–2.) And the third motion informs the court of the government's intent to introduce evidence of two of Mr. Egli's prior convictions for Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (See ECF No. 39 at 2.)

### I. Admissibility of Allegedly Voluntary Statements

Section 3501 of Title 18 of the United States Code reads:

> In any criminal prosecution brought by the United States … a confession … shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.

4

18 U.S.C. § 3501(a). The same section defines "confession" as "any confession of guilt of any criminal offense or any self-incriminating statement made or given, orally or in writing." 18 U.S.C. § 3501(e).

At trial, the government intends to introduce statements Mr. Egli made during a routine home visit conducted by the U.S. Probation Office on February 27, 2021. (See ECF No. 35 at 1.) The government contends that Mr. Egli voluntarily made the statements and requests a "pre-trial hearing outside the presence of the jury to determine the voluntariness of [the] statements[.]" (Id. at 3.) During the home visit, "officers seized several unauthorized devices from Defendant's bedroom and … Defendant made statements which could be interpreted as inculpatory. After the officers left the residence, Defendant emailed the officers, admitting that he had an unauthorized internet connection through which he was accessing various unauthorized websites." (Id. at 1–2.) The statements were voluntary, the government argues, because: 1) Mr. Egli was not in custody on February 27, 2021; 2) Mr. Egli's statements were "volunteered in response to items found by U.S. Probation Officers during their routine home visits. … [and] Defendant was not subject to interrogation. Moreover, the circumstances surrounding Defendant's statements will establish that there was no conduct on the part of the officers that affected Defendant's statements." (Id. at 3–4.)

Mr. Egli argues that the court should not allow the statements into evidence for two reasons. First, he claims that the statements were "probably" not voluntarily given and, as such, should be suppressed as a violation of his Fourth Amendment rights.[1] (ECF No. 50 at 3–6.)

---

[1] More specifically, Mr. Egli claims that his statements were "probably misled and coerced through conversations with authorities" and that the statements should be suppressed because: 1) he "did [not] know the nature of the offense with which he was charged or of which he was suspected at the time of making the confession"; 2) he was not advised that any statements he

5

Second, Mr. Egli contends that "the government[] [has] willful[ly] refuse[d] to provide [him] … the entirety of the evidence it alleges to have in its possession regarding [his] … alleged confession" in violation of Brady v. Maryland, 373 U.S. 83 (1963).

The court agrees with the government that a pre-trial hearing outside the presence of the jury is the appropriate procedure for determining the voluntariness of Mr. Egli's statements. Mr. Egli may raise his arguments about voluntariness at that time. But the court denies Mr. Egli's motion to suppress the statements (raised in his response (see ECF No. 50 at 6–7)) under Brady. The government has provided Mr. Egli with a copy of the report the U.S. Probation Office prepared following the February 27, 2021 home visit, and "[t]here is no other evidence regarding these statements to produce[.]" (Reply, ECF No. 53 at 2.)

## II.     Admissibility of Statements about Potential Punishment or Sentence

The government moves the court to enter an order prohibiting Mr. Egli from commenting on his potential punishment or sentence, if convicted, during trial. (ECF No. 37 at 1–2.)

Mr. Egli argues that such an order amounts to a gag order in violation of the First Amendment. (ECF No. 51 at 4.) He also argues that prohibiting him from mentioning his potential punishment or sentence, if convicted, at trial violates: 1) his due process rights, which protect his ability to prepare a defense to the government's case against him and 2) his Sixth Amendment right to be notified of the charges filed him. (See id. at 4–6.) None of these arguments are meritorious.

Mr. Egli is incorrect that a court order prohibiting him from mentioning his potential punishment or sentence amounts to an unconstitutional gag order. It is a well-established,

---

made could be used against him; 3) he was not advised of his right to counsel before making the statements; and 4) he was without the assistance of counsel at the home visit. (ECF No. 50 at 5–6.)

6

general rule that a jury determines guilt at trial, not sentencing. Shannon v. United States, 512 U.S. 573, 579 (1994) ("The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict."). "Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." Id. The Tenth Circuit has held that presenting sentencing information to the jury is prejudicial, and "[b]reach of this standard has often been grounds for reversal." United States v. Greer, 620 F.2d 1383, 1384 (10th Cir. 1980).

Mr. Egli's other arguments also fail. Mr. Egli's Fifth Amendment right to due process and his Sixth Amendment right to be informed of the nature and cause of the accusation do not require the jury to know Mr. Egli's potential punishment or sentence if he is convicted.

Accordingly, the court grants the government's motion to exclude mention of Mr. Egli's potential punishment or sentence, if convicted, at trial.

### III.     Admissibility of Mr. Egli's Convictions

The government indicated its intention to introduce evidence of Mr. Egli's prior convictions pursuant to Rule 414 of the Federal Rules of Evidence at trial. "The rules of evidence generally prohibit 'the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts.'" United States v. Sturm, 673 F.3d 1274, 1282 (10th Cir. 2012) (quoting United States v. Benally, 500 F.3d 1085, 1089 (10th Cir. 2007)). But Rule 414 is an exception to this general rule. The rule reads: "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any

7

other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evi. 414(a). "For a prior conviction to be admissible under Rule 414, the trial court must determine that: (i) the defendant is accused of an offense of child molestation, (ii) the evidence proffered is evidence of the defendant's commission of another offense of child molestation, and (iii) the evidence is relevant." Sturm, 673 F.3d at 1282.

### A. Present Offense

Rule 414 defines "child molestation" as "a crime under federal law or under state law … involving: … (B) any conduct prohibited by 18 U.S.C. chapter 110[.]" Fed. R. Evi. 414(d)(2)(B). Mr. Egli is now charged with possession of child pornography in violation of 18 U.S.C. § 2252A. This is conduct prohibited under 18 U.S.C. chapter 110. The government has satisfied this requirement.

### B. Evidence Proffered

To be admissible under Rule 414, the evidence proffered must be evidence of the defendant's commission of another offense of child molestation.

The government intends to introduce evidence of Mr. Egli's two prior federal convictions. In 2005, Mr. Egli was convicted in Case No. 2:04-cr-577 of possession of child pornography in violation of 18 U.S.C. 2252A(a)(5)(B). The court entered judgment in that case on March 17, 2005, and Mr. Egli received a sentence of 51 months in custody. Next, Mr. Egli was convicted of the same offense in Case No. 2:10-cr-333. The court entered judgment in that case on October 22, 2010, and sentenced Mr. Egli to a 120-month term of imprisonment.

Both Mr. Egli's prior convictions involve conduct prohibited under 18 U.S.C. chapter 110. The government has also satisfied this requirement.

### C. Relevance

Finally, evidence must be relevant to qualify under Rule 414. Evidence is relevant if it "has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evi. 401. Rule 414 relies "on the premise that evidence of other [child molestations] is highly relevant to prove propensity to commit like crimes." United States v. Batton, 602 F.3d 1191, 1196 (10th Cir. 2010).

The evidence the government intends to introduce at trial is relevant. It tends to show that Mr. Egli has a propensity to commit offenses involving child pornography. The proffered evidence also involves incidents that are similar in nature to one another and to the charged offense. The two convictions the government intends to introduce at trial were for possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), charges identical to the one Mr. Egli now faces.

But "[e]ven where evidence is determined to be relevant … the admissibility of Rule … 414 evidence is subject to the Rule 403 balancing test, which permits the exclusion of relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice.'" Benally, 500 F.3d at 1090 (quoting United States v. Guardia, 135 F.3d 1326, 1329 (10th Cir. 1998)). "Because of the unique nature of character evidence, it is important that the trial court 'make a reasoned, recorded' statement of its 403 decision when it admits evidence under Rule[] [414]." United States v. Castillo, 140 F.3d 874, 884 (10th Cir. 1998). Additionally, the court must "make a preliminary finding that a jury could reasonably find that the 'other act' occurred by a preponderance of the evidence." Benally, 500 F.3d at 1090.

Mr. Egli does not discuss either the probative value of the evidence of his prior convictions or the potentially prejudicial nature of this evidence. (See ECF No. 50.)

1. Probative Value

To determine the probative value of the evidence, the court considers: "(1) how clearly the prior act has been proved; (2) how probative the evidence is of the material fact it is admitted to prove; (3) how seriously disputed the material fact is; and (4) whether the government can avail itself of any less prejudicial evidence." Id. (quoting United States v. Enjady, 134 F.3d 1427, 1433 (10th Cir. 1998)).

   a. Preliminary Finding and How Clearly the Prior Act Has Been Proved

The two prior incidents, represented by case numbers 2:04-cr-577 and 2:10-cr-333, resulted in guilty pleas. Because Mr. Egli pled guilty to the charges in these criminal cases, where the burdens of proof were beyond a reasonable doubt, the court is satisfied that a jury could reasonably find by a preponderance of the evidence that the prior acts occurred. The guilty pleas also support a finding that the prior acts were sufficiently proven.

   b. The Probative Value of the Evidence

When evaluating this factor, the Tenth Circuit looks at "the similarity of the prior acts to the acts charged, the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and alleged victim." Guardia, 135 F.3d at 1331.

First, the prior acts and the charged act are the same. The prior acts the government intends to introduce show that Mr. Egli has a propensity for possessing child pornography.

Next, the time lapses between the prior acts and the act charged are not so long as to bar the government from introducing the prior acts as evidence. Mr. Egli spent most of the years between the prior acts and the charged act in custody for the prior acts. Mr. Egli's 2004 conviction resulted in an imprisonment term of 51 months. Shortly after his release from

10

custody, the government charged Mr. Egli in the 2010 case, resulting in a 10-year sentence. Mr. Egli committed the current offense shortly after his second release from custody. Given Mr. Egli's custodial history, the prior acts are not too remote in time. Even if they were, the Tenth Circuit has held that "[s]imilarity of prior acts to the charged offense may outweigh concerns of remoteness in time." Batton, 602 F.3d at 1199 (citation omitted). The similarities between Mr. Egli's prior acts and the act charged against him here are "so obvious the intervening years are not sufficient to dilute the probative value of the prior act evidence." Id.

Finally, the government points out that there is "no need for evidence beyond the proposed certified convictions." (ECF No. 39 at 8.) These factors together demonstrate the probative nature of the prior acts.

    c.  How Seriously Disputed the Material Fact Is

The key issue in this case is whether Mr. Egli knew that he possessed child pornography. See 18 U.S.C. § 2252A(a)(5)(B). Mr. Egli contends that he did not know there was child pornography on his computer and that he did not put it there. Mr. Egli's assertion that he lacked the knowledge required for the government to prove the charged offense makes his prior convictions "crucial piece[s] of evidence to help the jury determine the validity of [the] … accusations" and the validity of Mr. Egli's defense. Batton, 602 F.3d at 1198. Indeed, "[t]he more seriously disputed the material fact, the more heavily this factor weighs in favor of admissibility." Sturm, 673 F.3d at 1286.

    d.  Whether the Government Can Avail Itself of Less Prejudicial Evidence

The government seeks only to offer the two convictions and "does not intend to belabor the issue with any witness testimony." (ECF No. 39 at 8.) "[T]he government [therefore] need[s] little evidence, time, or resources to show what happened in the prior crime[s]." Batton,

11

602 F.3d at 1199.  The court agrees with the government that the two convictions are the least prejudicial form of evidence of Mr. Egli's prior acts.  Notably, Mr. Egli has not "propose[d] any alternative, less prejudicial evidence."  Sturm, 673 F.3d at 1285.

    2.  Unfair Prejudice

To analyze the prejudicial nature of the evidence, the court addresses: "(1) how likely it is such evidence will contribute to an improperly-based jury verdict; (2) the extent to which such evidence will distract the jury from the central issues of the trial; and (3) how time consuming it will be to prove the prior conduct."  Id. (quoting Enjady, 134 F.3d at 1433).

    a.  Risk of Improperly Based Jury-Verdict

The government argues that the evidence of Mr. Egli's prior convictions would be unlikely to contribute to an improperly-based jury verdict because the court can "give a proper limiting instruction with regard to the Rule 414 evidence."  (ECF No. 39 at 9.)  The Tenth Circuit has found that where "the trial court clearly instructed the jurors that they were not to find guilt in th[e] case based on prior convictions[,]" the prior "conviction evidence … did not contribute to the jury's reaching an improperly based verdict."  Batton, 602 F.3d at 1199; see also United States v. Benally, No. 2:03-cr-799, 2006 WL 1493227, at *4 (D. Utah May 25, 2006) ("[T]he Court believes that [the] concern [of an improperly based jury-verdict] can be lessened by … providing limiting instructions to the jury."), aff'd, 500 F.3d 1085 (10th Cir. 2007).  The court in this case intends to give the jury a proper limiting construction concerning Mr. Egli's prior convictions to avoid an improperly-based jury verdict.

    b.  Risk of Distraction and Time Considerations

Because the government only intends to introduce Mr. Egli's prior convictions as

exhibits at trial, rather than call any witnesses to testify to them, the court does not find that it will be too time consuming to introduce evidence of the prior convictions.  Nor will presenting evidence of the prior convictions "distract[] the jury from the central issue at trial."  Batton, 602 F.3d at 1199.  Any concerns of distraction, too, can be addressed by giving proper limiting instructions to the jury.

The probative value of Mr. Egli's prior acts substantially outweighs any danger of unfair prejudice.  The government may introduce Mr. Egli's prior convictions as evidence at trial.

**ORDER**

For the foregoing reasons, the court orders as follows:

1. The court DENIES Mr. Egli's motion for an extension of time to file a surreply to the government's motions in limine (ECF No. 59).

2. The court GRANTS the government's first motion in limine (ECF No. 35) and will set a hearing on the first day of trial to determine the admissibility of the allegedly voluntary statements.

3. The court GRANTS the government's second motion in limine (ECF No. 37). The court prohibits Mr. Egli from commenting on his potential punishment or sentence, if convicted, at trial.

4. The court GRANTS the government's third motion in limine (ECF No. 39).  The government has satisfied the requirements of Rule 414 of the Federal Rules of Evidence and may introduce evidence of Mr. Egli's prior convictions at trial.

5. If Mr. Egli now wishes to be represented by counsel, he must file a motion making this request by July 24, 2024.

DATED this 3rd day of July, 2024.

13

BY THE COURT:

_____
Tena Campbell
United States District Judge