IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DANIEL DAVID EGLI,<br><br>　　　　　Defendant. | **ORDER AND MEMORANDUM DECISION DENYING MOTION TO DISMISS INDICTMENT AND MOTION TO CONTINUE**<br><br>Case No. 2:22-cr-00210-TC<br><br>Judge Tena Campbell |

Defendant Daniel David Egli is charged with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). His 4-day bench trial is currently set for September 23, 2024. Mr. Egli has moved to dismiss the indictment and to continue the trial date. (ECF Nos. 71 & 74.) At a hearing on August 29, 2024, the court denied both motions. Because Mr. Egli has stated that he plans to appeal the court's ruling—although the court finds that such an appeal is inappropriate at this time—the court provides this written opinion memorializing its decision.

Mr. Egli's long history of proceedings in this court is well-documented. See, e.g., United States v. Egli, 13 F.4th 1139, 1141–43 (10th Cir. 2021). In short, he has previously pled guilty to possession of child pornography, once in 2004 and once in 2010, and has not done well on supervised release. Id. Indeed, he is awaiting a final hearing on supervised release violations based on the same conduct that underlies the charge alleged in the current indictment. (See Case No. 2:10-cr-333.)

1

The alleged possession of child pornography with which Mr. Egli is now charged occurred on or before May 17, 2021. (See Indictment, ECF No. 1.) But a resolution of those charges has been delayed for several reasons. First, Mr. Egli appealed the special conditions of his supervised release to the Tenth Circuit. The Tenth Circuit held that this court did not plainly err by imposing a lifetime Internet ban on Mr. Egli, even though such a restrictive condition was only warranted in an "extreme case[.]" Egli, 13 F.4th at 1146.

The government then filed the current indictment on June 8, 2022—over two years ago. (See ECF No. 1.) The court has granted multiple continuances in these proceedings, generally at Mr. Egli's urging, including a five-week extension for Mr. Egli to file a response to three motions in limine (see Order dated Feb. 26, 2024, ECF No. 47), and a further two-month extension to file a sur-reply[1] (see Min. Entry dated Apr. 25, 2024, ECF No. 56). Nevertheless, Mr. Egli now moves for a six-month continuance (see Mot. Continue Trial, ECF No. 74) and, in a separate motion (see Mot. Dismiss, ECF No. 71), asks this court to dismiss his indictment for violations of the Speedy Trial Act. These arguments are at loggerheads: Mr. Egli cannot complain that he has been denied a speedy trial when he is the source of that delay.

Mr. Egli asserts several additional reasons why this court should dismiss the current indictment. He continues to assert that his rights have been violated because the court refused to allow him the opportunity to file a sur-reply to the government's motions in limine. (ECF No. 59 at 4–5.) But, as the court has previously noted (see ECF No. 60 at 3), the court granted Mr. Egli several additional months to file this sur-reply (see Order dated Apr. 25, 2024, ECF No. 57);

---

[1] Rather than filing his sur-reply, Mr. Egli moved for an additional extension (see Def.'s Mot. Ext., ECF No. 59), which the court denied. (See Order dated July 3, 2024, ECF No. 60.)

and, in any event, the court held that such a sur-reply was unnecessary, as the court did not find that the government raised new issues in its Reply.  (See id.)

Each time that Mr. Egli has asked for a continuance of the trial date or of other briefing deadlines, he has alleged that he has been prevented from accessing necessary legal resources and that he has not timely received the government's documents.  This court finds this argument unpersuasive.  Mr. Egli has been able to file multiple civil cases in this court (see Egli v. Fojtik, Case No. 2:22-cv-102, which was dismissed by the Honorable Howard C. Nielson, and Egli v. USDC District of Utah, No. 2:23-cv-551, which was dismissed by the Honorable Robert J. Shelby), an appeal to the Tenth Circuit (see United States v. Egli, No. 24-4080), and now a 16-page motion to dismiss containing multiple legal citations (see ECF No. 71).  Mr. Egli has never specified what materials he believes he is missing—or why he has not contacted his stand-by counsel for help.

The court contacted the Davis County Jail to assure itself that Mr. Egli had access to legal documents.  The jail explained that, while Mr. Egli's files do specify that he represents himself in his criminal matter, the jail does not maintain separate procedures for inmates who are represented by counsel and those who represent themselves—both follow the standard jail protocols for access to legal and other kinds of mail.  The jail was unaware of any requests made by Mr. Egli for legal materials that had been denied.  At most, the jail believed that Mr. Egli was frustrated that he was not permitted access to a laptop—even though he was allowed to access a tablet (which Mr. Egli confirmed at the hearing on August 29, 2024), which is linked to caselaw and other legal resources.  Given his past history and the current charges against him, the court finds nothing unreasonable about the jail's protocols and nothing unequal about the way Mr. Egli has been treated.  The jail also confirmed that Assistant United States Attorney Allison Hart

3

Behrens has previously hand-delivered the governement's discovery papers and briefing to ensure that Mr. Egli has access to those documents.

Mr. Egli maintains that his counsel has been ineffective. But Mr. Egli has chosen to represent himself. "[A] defendant who exercises his right to appear pro se cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." Geddes v. United States, No. 1:23-cv-91-TC, 2024 WL 866530, at *1 (D. Utah Feb. 29, 2024) (citations omitted). The court allowed Mr. Egli to ask for appointment of counsel by July 24, 2024, if he no longer wished to represent himself. Instead of meeting that deadline, he appealed the court's ruling to the Tenth Circuit—who dismissed that appeal for lack of prosecution. United States v. Egli, No. 24-4080 (10th Cir. Aug. 22, 2024).

Mr. Egli asserts an equal protection violation but provides no information about how he has been treated differently from similarly situated defendants. The court is not persuaded by such a conclusory allegation.

Finally, Mr. Egli claims that the indictment is not detailed enough and does not include all the facts that the government will have to prove at trial. But "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Sweet, 107 F.4th 944, 956 (10th Cir. 2024) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). "[W]here the indictment quotes the language of the statute and includes the date, place, and nature of the illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." Id. at 958 (quoting United States v. Powell, 767 F.3d 1026, 1030 (10th Cir. 2014)). The indictment filed against Mr. Egli includes the date ("Beginning on a date

4

unknown and continuing through May 17, 2021"), the place ("in the District of Utah"), and the nature of the illegal activity ("defendant, herein, did knowingly possess and access with intent to view any material which contains an image of child pornography"). (ECF No. 1.) The court finds no defects in the indictment that warrant dismissal.

For these reasons, the court finds no good cause to dismiss Mr. Egli's indictment or to further delay trial. Mr. Egli has requested a bench trial and the court is prepared to move forward with the trial on September 23, 2024, as detailed in the court's previously issued trial order. (See Trial Order, ECF No. 64.)

At the hearing, Mr. Egli stated that he intends to appeal the court's ruling on his motions immediately. The court finds that such an appeal is not appropriate. Mr. Egli has recently appealed a separate order of this court (in which the court denied Mr. Egli a further extension to file a sur-reply and ruled on three motions in limine filed by the government). The Tenth Circuit dismissed that appeal for lack of prosecution but noted that the appellate court's jurisdiction "is limited to appeals from final orders. Evidentiary rulings are neither final, nor are they collaterally appealable." Order dated July 24, 2024, Egli, No. 24-4080, at 1–2 (citations omitted). The court expects that the Tenth Circuit will similarly dismiss any further interlocutory appeals and directs Mr. Egli to focus his attention on his upcoming trial. Any effort that Mr. Egli wishes to spend preparing an appeal at this time will not constitute good cause that would justify a further delay of the trial date.

## ORDER

For the reasons stated above, Mr. Egli's Motion to Dismiss Indictment (ECF No. 71) is DENIED and Mr. Egli's Motion to Continue Trial Date (ECF No. 74) is DENIED. The bench trial will begin on September 23, 2024.

DATED this 30th day of August, 2024.

BY THE COURT:

_____
Tena Campbell
United States District Judge