FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

OCT 16 2024

GARY P. SERDAR
CLERK OF COURT
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
CENTRAL DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.

DANIEL DAVID EGLI,
    Defendant.

Case No. 2:22-CR-00210-TC

DEFENDANT'S PRETRIAL
MOTION FOR DISCOVERY
(Fed. R. Crim. P. Rule 26)

COMES Now the Defendant Daniel David Egli, appearing pro se, and respectfully moves this Court for an ORDER compelling the Government to produce discovery information pursuant to Federal Rules of Criminal Procedure Rule 26, and for this Court to provide legal materials to which he is entitled to receive pursuant to the due process clause of the United States Constitution.

## APPLICATION OF LIBERAL CONSTRUCTION

This Defendant – Appellant respectfully informs the Court that as a pro se prisoner that remains incarcerated and deliberately denied access to legal materials, the law library, and the ability to send and receive legal mail, that this Defendant – Appellant requests that liberal construction be applied to his filings as provided for in *Haines v. Kerner*, 404 U.S. 519 (1972) ((pro se papers should be read liberally)

## FACTUAL BACKGROUND

1. On June 8, 2022, this Defendant was indicted on 1 count of knowingly possessing and accessing with intent to view any material which contains an image of child pornography, as defined in 18 U.S.C. § 2256(8), that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and which images were produced using materials that, had been mailed, shipped and transported in and affecting interstate and foreign commerce, including by computer, and attempted to do so; all in violation of 18 U.S.C. § 2252A(a)(5)(B). (ECF #1).

2. On August 20, 2024, this Defendant filed a Motion to Dismiss the Indictment based upon the Government's failure to prosecute and the Court's consistent denial of due process. (ECF # 71).

3. On August 23, 2024, this Court set the final pretrial conference for August 29, 2024, at 11:00 a.m. before Judge Tena Campbell. (ECF # 73).

4. On August 27, 2024, this Defendant filed a Motion to Continue the trial based upon a bona fide denial of due process because, among other things, this Defendant had not received discovery information from the Government as of two days before the scheduled trial date of September 23, 2024. It is undeniable that in violation of Fed. R. Crim. P. Rule 26, the Government had knowingly, willfully and intentionally refused to provide discovery information in a timely manner to this Defendant. (ECF #74).

5. This Defendant's motion to Continue and Motion to Dismiss are considered as unopposed by the Government because the Government did not respond to either Motion filed by this Defendant.

6. On August 29, 2924, this Court held a hearing upon this Defendant's Motion to Dismiss and Motion for Continuation. (ECF #76).

7. Additionally, this Court held the hearing on both of this Defendant's Motions only 9 days after this Defendant filed his Motion to Dismiss and only 2 days after the filing of the Motion to Continue. (ECF #76)

8. In federal court, the response to a motion is typically due 10 days after the motion is filed. A reply to the response is usually due 7 days after the response is filed, unless the court orders otherwise.

9. The Government was never allowed any opportunity by the Court to respond to this Defendant's motions as required under FRCP Rule 12.

10. Likewise, This Defendant was never allowed any opportunity by the Court to reply to the Government's response as required under FRCP Rule 12.

11. In an obvious appearance of prejudice, bias and intent, this Court's chose to "railroad" this Defendant's Motions, and ~~to~~ then to deny them without proper consideration, as is obvious as set forth in the Court's Minute Entry of Proceedings. (ECF #76).

12. In the Minute Entry (ECF #76) the Court ignored and refused to address the undeniable and consistent denial of due process by the Court and Government which was raised by this Defendant in both of the pretrial Motions. (ECFs #71 & #74).

13. On August 30, 2024, the Court entered its Memorandum Opinion (ECF #77) denying both of this Defendant's Motions (ECFs #71 & #74),while ignoring and refusing to address this Defendant's claims of consistent denial of this Defendant's due process rights by this Court throughout proceedings.

14. On September 4, 2024, this Defendant appealed to Tenth Circuit Court of Appeals in Case Number 24-4090 (ECF #80).

15. On September 18, 2024, in light of the appeal this Court vacated the "bench trial" set for September 23, 2024, and reset the "bench trial" for October 28, 2024. (ECF #83).

16. On October 1, 2024, despite the fact that this Defendant had consistently raised the fact that he was intentionally deliberately and knowingly denied access to legal materials necessary to prepare this Defendant's defense, in denial of due process, by the Government, the Jail and this Court, this Court ignored these facts and refused to address them again. (ECF #86).

17. This Court in an undeniable furtherance of due process denial ruled that : "The Defendant is present and in custody. The Defendant requests a jury trial for the trial scheduled to begin on October 28, 2024. The Defendant moves to continue the trial until May 2025. Because this case has been pending for over two years and the Defendant has raised no new arguments in favor of a continuance, the court denies the Defendant's motion." (ECF #86).

18. While this Court is well aware that this Defendant has been knowingly, willfully, consistently and deliberately denied access to legal materials and research materials to prepare a defense against his Indictment, the Court still refuses this Defendant access to Rules of Evidence, discovery materials, access to the mails, access to the Federal Rules of Criminal and Civil Procedures which apply to this case.

19. This Defendant only received partial discovery from the Government on September 6, 2024. This discovery information was intentionally omissive in what can only be seen as a knowing, willful and intentional denial of this Defendant's due process rights by the

Government and this Court, in an effort to railroad him into prison because he has refused to accept a plea agreement and maintains his innocence.

20. In furtherance of denial of due process, and in an attempt by this Court and the Government to "railroad" this Defendant into prison in denial of due process, this Court and the government attempted to hold a bench trial in order to deny this Defendant his constitutionally protected right to a trial by jury. (ECF #77, #81& #86).

### DEFENDANT'S DEMAND FOR DISCOVERY INFORMATION INTENTIONALLY WITHHELD BY THE COURT AND THE GOVERNMENT

21. Pursuant to FRCP Rule 16 "Discovery and Inspection" the Government's disclosure requirements provide that the government ***immediately*** provide to a Defendant the following:

   (a) the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

   (b) any relevant written or recorded statement by the defendant if:

   (c) statement is within the government's possession, custody, or control; and

   (d) the attorney for the government knows—or through due diligence could know—that the statement exists;

   (e) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent.

   (f) the defendant's recorded testimony before a grand jury relating to the charged offense.

   (g) a copy of the defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows—or through due diligence could know—that the record exists.

   (h) the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's

possession, custody, or control and: the item (i) is material to preparing the defense, (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

(i) the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:(i) the item is within the government's possession, custody, or control;(ii) the attorney for the government knows—or through due diligence could know—that the item exists; and, (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

(j) The government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C).

(k) disclose to the defendant, in writing, the information required by (iii) for testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 on the issue of the defendant's mental condition.

(l) Any witness must approve and sign the disclosure, unless the government states in the disclosure why it could not obtain the witness's signature through reasonable efforts; or has previously provided under a report, signed by the witness, that contains all the opinions and the bases and reasons for them required by this Rule.

(m) A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if: the evidence or material is subject to discovery or inspection under this rule; and the other party previously requested, or the court ordered, its production.

(n) *Failure to Comply.* If a party fails to comply with this rule, the court may:

(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;

(B) grant a continuance;

(C) prohibit that party from introducing the undisclosed evidence; or

(D) enter any other order that is just under the circumstances.

22. Additionally, the Government has refused to provide names, addresses, telephone numbers, email addresses and other pertinent contact information for all of the witnesses, professionals and experts it intends to produce at trial, pursuant to Rule 16.

23. This Court has refused to compel discovery. To wit, on February 21, 2024, two years after this Defendant was originally incarcerated, this Court was informed that there had been no discovery provided and that "The government advises the court that it will prepare all the discovery (except for images) that it previously provided to the defendant and will hand-deliver it to the defendant at the Davis County Jail." (ECF #46). In a clear denial of due process and abuse of discretion, and despite this Defendant having demanded discovery be produced on three separate occasions after that date, this Court has still refused to compel discovery. The Court even went as far as to state that it was not aware of any discovery that was not provided, despite the fact that NONE of the discovery set forth above, as required under Rule 16, was provided at any time.

24. Indeed, this Defendant has not received any of the transcripts from prior hearings held by this Court. These egregious actions can only be perceived as an intentional denial of due process, intended solely to wrongfully convict this Defendant in a denial of due process.

25. Based upon the foregoing, the totality of circumstances and the ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the Defendant in a speedy trial as set forth in 18 U.S.C. § 3161(h)(7)(A), in order for this Defendant to receive his rightful discovery materials and research materials essential to the preparation of his defense.

**WHEREFORE**, having validly supported and demonstrated that a continuance of the trial is merited and supported under 18 U.S.C. § 3161(h)(1)(C)&(G), and (7), the *Brady Doctrine*

established through <u>BRADY v. MARYLAND</u>, 373 U.S. 83 (1963), the Federal Rules of Criminal Procedure Rule 26(a) *et seq.*, <u>United States v. Zucker</u>, 161 U.S. 475 (1896), the Defendant respectfully requests the Court to find a continuance outweighs the best interests of the public and the Defendant, and the trial date be continued to a date ~~to a date~~ convenient to the Court on or beyond March 23, 2025, with a new pretrial motion deadlines set accordingly, to allow the government to produce the intentionally withheld discovery information and legal materials set forth herein, and to allow this Defendant ample opportunity to review them before the trial.

**Furthermore**, this Defendant respectfully requests that this Court immediately ORDER and compel the production by the government of all of the specific discovery materials set forth in paragraph 21 (a)-(n) above and that they be immediately provided to this Defendant.

**Furthermore**, this Defendant respectfully requests that this Court ORDER and compel the production of all transcripts of any and all proceedings that have taken place in this Court which have previously been denied to the Defendant and provide them to this Defendant post haste.

Respectfully submitted this 14th day of October 2024, I Daniel David Egli, the Defendant, do hereby affirm that the foregoing is truthful and correct to the best of my knowledge and belief under penalty of perjury.

_____
Daniel David Egli, Defendant pro se.
1526 W. Homecoming Ave.
South Jordan, UT 84095

# Certificate of Service

I, Daniel David Egli, do hereby certify that a copy of the attached NOTICE OF APPEAL was served upon the following via first class mail with proper postage prepaid on October 14th, 2024.

Clerk of Court
US District Court
351 S W Temple St.
Salt Lake City, UT 84101

Alison Hart Behrens
US ATTORNEY's OFFICE
111 S. Main St.
Suite 1800
Salt Lake City, UT 84111

Carol A. Dain
US ATTORNEY's OFFICE
111 S. Main St.
Suite 1800
Salt Lake City, UT 84111

_/s/ Daniel David Egli_  October 14, 2024
Daniel David Egli, Defendant, pro se.
1526 W. Homecoming Ave.
South Jordan, UT 84095