IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br><br>v.<br><br><br>DANIEL DAVID EGLI,<br><br>                    Defendant. | **ORDER AND MEMORANDUM DECISION DENYING MOTION TO DISQUALIFY OR RECUSE AND DENYING MOTION TO CONTINUE**<br><br><br>Case No. 2:22-cr-00210-TC<br><br><br>Judge Tena Campbell |

Defendant Daniel David Egli is charged with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). His 4-day jury trial begins today, October 28, 2024. (ECF No. 95.) Mr. Egli moves to disqualify the undersigned judge; in the alternative, Mr. Egli requests that the judge recuse herself from the proceedings. (ECF No. 97.)

This motion, filed on October 25, 2024, is the third motion Mr. Egli has submitted in the past two weeks. First, Mr. Egli filed a motion for discovery on October 16, 2024. (ECF No. 90.) Second, on October 21, 2024, Mr. Egli filed a motion to continue the trial. (ECF No. 94.) While preparing a briefing schedule for these motions, the court called Allison Behrens, the Assistant United States Attorney prosecuting the case, to ensure that the government could hand-deliver any response to these motions to the Davis County Jail, where Mr. Egli is incarcerated awaiting trial. Ms. Behrens informed the court that, at that moment, she was going through the government's exhibits with Mr. Egli and his stand-by counsel, Robert Steele from the Federal Public Defenders, in the court's grand jury room. Because the parties were already assembled,

1

the court held an impromptu hearing in which Mr. Egli argued his motions to the court.  (See

Min. Entry, Oct. 23, 2024, ECF No. 95.)  Mr. Egli admitted that the United States had previously

provided all the required discovery, but he averred that the discovery had been provided

piecemeal, that the jail had taken away materials when he moved cells, that he suffered from

memory lapses, and that he had never before seen all the evidence laid out at the same time.

Because the United States had just discussed with Mr. Egli all the relevant discovery and the

exhibits the government planned to use at trial, the court therefore denied as moot Mr. Egli's

motion for discovery.  (Id.)  Mr. Egli then reiterated his request to delay the trial until

March 2025.

Mr. Egli has made several similar requests in the past and the court has elsewhere

detailed the long history of these proceedings.  (See Order dated Aug. 30, 2024, ECF No. 77

at 1–2.)  For clarity, the court now reiterates that history.

Mr. Egli has previously pled guilty to possession of child pornography, once in 2004 and

once in 2010, and he has previously violated the conditions of his supervised release.  See United

States v. Egli, 13 F.4th 1139, 1141–43 (10th Cir. 2021) (summarizing Mr. Egli's criminal

history).  Indeed, he is awaiting a final hearing on supervised release violations based on the

same conduct that underlies the charge alleged in the current indictment.  (See Case

No. 2:10-cr-333.)

The alleged possession of child pornography with which Mr. Egli is now charged

occurred on or before May 17, 2021.  (See Indictment, ECF No. 1.)  But a resolution of this

matter has been delayed for several reasons.  First, Mr. Egli appealed the special conditions of

his supervised release to the Tenth Circuit.  The Tenth Circuit held that this court did not plainly

err by imposing a lifetime Internet ban on Mr. Egli, even though such a restrictive condition was

only warranted in an "extreme case[.]" <u>Egli</u>, 13 F.4th at 1146.  The government then filed the

current indictment on June 8, 2022—over two years ago.  (<u>See</u> ECF No. 1.)

In August 2023, the United States filed three motions in limine in preparation for a trial

set to begin on September 11, 2023.[1]  (ECF Nos. 35, 37, & 39.)  Based on a stipulated motion to

continue filed by the government (<u>see</u> ECF No. 40), the court then continued the trial date for six

months—an unusually long continuance, but one to which the United States agreed—to provide

Mr. Egli adequate time to respond to the motions in limine and complete his trial preparation.

(<u>See</u> Order dated Aug. 23, 2024, ECF No. 42.)  Having not heard from Mr. Egli in months, the

court set a briefing schedule for the motions in limine that would allow the trial to proceed as

scheduled on March 11, 2024.  (<u>See</u> Order dated Jan. 30, 2024, ECF No. 43.)  Rather than file a

response, Mr. Egli filed a motion for an extension (ECF No. 44), and the court converted a

hearing on the motions in limine that had been scheduled for February 21, 2024, into a hearing

on Mr. Egli's motion for an extension.  (<u>See</u> Min. Entry, ECF No. 46.)  Mr. Egli represented that

he did not have the discovery provided to him by the government because the jail had taken it

away when he moved cells.  (<u>Id.</u>)  The United States agreed to hand-deliver the discovery to the

Davis County Jail and the court granted Mr. Egli nearly six additional weeks, until April 1, 2024,

to file his response.  (<u>Id.</u>)  The court also moved the trial date to May 6, 2024.  (<u>See</u> Order dated

Mar. 4, 2024, ECF No. 48.)

The court received Mr. Egli's response (ECF No. 50) on April 2, 2024, and the court set a

hearing on the motions in limine for April 25, 2024.  Days before the hearing, Mr. Egli moved

for leave to file a surreply to the government's reply brief.  (ECF No. 54.)  The court denied that

---

[1] The court had previously continued the trial date three times.  (<u>See</u> Order dated Aug. 29, 2022,
ECF No. 17; Order dated Feb. 10, 2023, ECF No. 26; Order dated April 26, 2023, ECF No. 34.)

motion because it found that additional briefing would not be helpful.  (See Order dated Apr. 24, 2024, ECF No. 55.)  The government had not raised new issues in its reply brief; and, in any event, a hearing was already scheduled at which Mr. Egli could make his arguments. Nevertheless, at the hearing on April 25, 2024, the court granted Mr. Egli a two-month extension to file his surreply brief based on his representation that he was continuing to have problems accessing the legal materials he needed to respond to the motions.  (See Min. Entry, ECF No. 56.)  The court also continued the trial until September 23, 2024.  (See Order Vacating Trial dated Apr. 25, 2024, ECF No. 57; Not. Hr'g, ECF No. 58.)

On June 21, 2024, one day before his surreply was due, Mr. Egli filed another motion for an extension.  (ECF No. 59.)  The court denied that motion and granted two of the government's motions in limine in full (prohibiting Mr. Egli from commenting on his potential punishment, if convicted, at trial, and permitting the United States to introduce evidence of Mr. Egli's prior convictions under Federal Rule of Evidence 414).  (See Order dated July 3, 2024, ECF No. 60 at 13.)  The court also granted the government's third motion in limine to the extent that the court agreed to set a hearing at trial out of the presence of the jury to determine the admissibility of certain allegedly voluntary statements made by Mr. Egli.  (See id.)  The court then issued a trial order (ECF No. 64) that reiterated the trial date of September 23, 2024, and provided deadlines for proposed jury instructions and motions in limine.

Recognizing the difficulties of preparing a defense while incarcerated, the court allowed Mr. Egli to ask for appointment of counsel by July 24, 2024, if he no longer wished to represent himself.  (ECF No. 60 at 13.)  Instead of meeting that deadline, Mr. Egli appealed the court's ruling to the Tenth Circuit—who dismissed that appeal for lack of prosecution, after Mr. Egli failed to respond to the Tenth Circuit's request for briefing about whether the court had

jurisdiction to hear such an appeal.  United States v. Egli, No. 24-4080 (10th Cir. Aug. 22, 2024); (see also ECF No. 72).

On August 27, 2024, Mr. Egli moved yet again to continue the trial date.  (ECF No. 74.) Mr. Egli also moved to dismiss the indictment against him.  (ECF No. 71.)  The court heard argument on August 29, 2024, at which time the court denied both motions.  (See Min. Entry, ECF No. 76; Order dated Aug. 30, 2024, ECF No. 77.)  The court also asked Mr. Egli whether he wanted to go forward with a jury trial or a bench trial, and Mr. Egli asked for a bench trial.  (ECF No. 76.)

At that hearing, Mr. Egli stated that he intended to appeal the court's ruling, but the court explained that the Tenth Circuit did not have jurisdiction to hear an interlocutory appeal of that nature.  (Id.); see also Order dated July 24, 2024, Egli, No. 24-4080, at 1–2 (dismissing Mr. Egli's appeal for lack of prosecution but noting that the appellate court's jurisdiction "is limited to appeals from final orders.  Evidentiary rulings are neither final, nor are they collaterally appealable." (citations omitted)).  The court cautioned Mr. Egli that the court intended to proceed with the trial on September 23, 2024, stating: "Any effort that Mr. Egli wishes to spend preparing an appeal at this time will not constitute good cause that would justify a further delay of the trial date."  (ECF No. 77 at 5.)

In a written order memorializing its ruling, the court found that Mr. Egli had presented no evidence that his rights had been violated or any good cause for continued delay:

> Each time that Mr. Egli has asked for a continuance of the trial date or of other briefing deadlines, he has alleged that he has been prevented from accessing necessary legal resources and that he has not timely received the government's documents.  This court finds this argument unpersuasive.  Mr. Egli has been able to file multiple civil cases in this court (see Egli v. Fojtik, Case No. 2:22-cv-102, which was dismissed by the Honorable Howard C. Nielson, and Egli v. USDC District of Utah, No. 2:23-cv-551, which was dismissed by the Honorable Robert J. Shelby), an appeal to the Tenth Circuit (see United States v. Egli, No. 24-4080),

and now a 16-page motion to dismiss containing multiple legal citations (see ECF No. 71).  Mr. Egli has never specified what materials he believes he is missing—or why he has not contacted his stand-by counsel for help.

The court contacted the Davis County Jail to assure itself that Mr. Egli had access to legal documents.  The jail explained that, while Mr. Egli's files do specify that he represents himself in his criminal matter, the jail does not maintain separate procedures for inmates who are represented by counsel and those who represent themselves—both follow the standard jail protocols for access to legal and other kinds of mail.  The jail was unaware of any requests made by Mr. Egli for legal materials that had been denied.  At most, the jail believed that Mr. Egli was frustrated that he was not permitted access to a laptop—even though he was allowed to access a tablet (which Mr. Egli confirmed at the hearing on August 29, 2024), which is linked to caselaw and other legal resources.  Given his past history and the current charges against him, the court finds nothing unreasonable about the jail's protocols and nothing unequal about the way Mr. Egli has been treated.  The jail also confirmed that Assistant United States Attorney Allison Hart Behrens has previously hand-delivered the government's discovery papers and briefing to ensure that Mr. Egli has access to those documents.

(Id. at 3–4.)

Despite the court's caution, Mr. Egli appealed the court's order.  (See Not. Appeal, ECF No. 78.)  The Tenth Circuit allowed Mr. Egli until September 24, 2024 (the day after trial was set to commence) to submit briefing about whether the Tenth Circuit had jurisdiction over the appeal.  United States v. Egli, No. 24-4090 (10th Cir. Sept. 4, 2024).  In deference to that briefing schedule, this court vacated Mr. Egli's trial date and reset the trial for October 28, 2024.  (See Order dated Sept. 18, 2024, ECF No. 81.)  As predicted, the Tenth Circuit then dismissed Mr. Egli's appeal for lack of jurisdiction.  Order dated Sept. 26, 2024, Egli, No. 24-4090, at 2–3; see also ECF No. 85.

The court held a pretrial conference on October 1, 2024, at which Mr. Egli requested a jury trial and again moved to continue the trial, this time until May 2025.  (Min. Entry, ECF No. 86.)  The court granted Mr. Egli's request for a jury trial but denied his motion to continue, finding that he had raised no new arguments in favor of a continuance.  (Id.)  The court issued a

revised Trial Order that included deadlines for proposed jury instructions and motions in limine. (ECF No. 88.)

Mr. Egli then filed the motion for discovery and motion to continue discussed at the beginning of this order. The court conducted oral argument at the impromptu hearing on October 23, 2024. Although he maintained that he could not remember the various times that he had received discovery materials from the United States, Mr. Egli agreed that the government previously provided him with all of the required discovery, and affirmed that the government had gone through all the trial exhibits with him immediately prior to the hearing. And although Mr. Egli's standby counsel, Mr. Steele, agreed that a continuance would be valuable, the court found that there were no adequate reasons that would justify a further delay. The court therefore terminated as moot Mr. Egli's motion for discovery and denied Mr. Egli's motion to continue. (Id.) The court instructed Mr. Egli to appear at 8:00am on October 28, 2024, and to be ready to proceed with trial. (Id.)

While preparing a written order memorializing those rulings, the court received Mr. Egli's motion for disqualification or recusal. Mr. Egli argues that the undersigned judge "holds a personal bias or prejudice against me as a Defendant with such a high degree of antagonism and prejudice that a fair judgment appears impossible." (ECF No. 97 at 8 (citing 28 U.S.C. § 144 (allowing a party to file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party"); 28 U.S.C. § 455 (requiring a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned)).) As evidence, Mr. Egli asserts that the court has refused Mr. Egli "access to the courts, legal materials and documents necessary to the

preparation of my defense ….” (Id. at 7.)  He suggests that the court tried to railroad him into a bench trial, which was “tantamount to a lynching, when a jury trial was demanded.” (Id. at 6.)

Mr. Egli’s argument mischaracterizes the record.  Mr. Egli requested a bench trial during a hearing on August 29, 2024.  (See Min. Entry, ECF No. 76.)  And far from railroading him into that decision, the court later allowed him to change his mind, and has now summoned jurors to hear his case.  The record also reflects that, rather than denying Mr. Egli a chance to be heard, the court has granted Mr. Egli multiple extensions and continuances.  The court allowed Mr. Egli nearly eight months to respond to the government’s motions in limine, and then permitted him another two months to file a surreply (which he never filed).  The court even called the Davis County Jail to assure itself that Mr. Egli had access to legal materials necessary for his defense.[2] And indeed, Mr. Egli has demonstrated the ability to prepare a 13-page, competently argued motion, with citations to relevant statutes and caselaw, within two days.  The court finds no reason why Mr. Egli was unable to respond to the government’s previous motions in a timely manner, and no evidence on this record that he was not afforded an opportunity to be heard.  As a result, the undersigned judge’s impartiality in this proceeding cannot reasonably be questioned.

As it has previously noted, the court recognizes the difficulties faced by an incarcerated defendant who is representing himself.  But Mr. Egli has knowingly chosen to present his own defense despite those difficulties.  He was arrested for violations of his supervised release over three years ago, on May 17, 2021, and has been charged under an indictment for over two years, since June 8, 2022.  It is long past time to resolve this matter at trial.

---

[2] During this call, the Davis County Jail noted that Mr. Egli’s father had been able to visit him during the past few years.  These visitations will likely become more difficult if Mr. Egli is convicted, as he would be incarcerated at a federal facility, and there are no federal prisons in the state of Utah.  But while the court recognizes the importance of family support, Mr. Egli cannot remain at the Davis County Jail indefinitely.

## ORDER

For the reasons stated above, the court ORDERS as follows:

1.      Mr. Egli's Motion for Discovery (ECF No. 90) is TERMINATED AS MOOT.

2.      Mr. Egli's Motion to Continue Trial and for Discovery (ECF No. 94) is DENIED.

3.      Mr. Egli's Motion to Disqualify Judge or for Recusal (ECF No. 97) is DENIED.

DATED this 28th day of October, 2024.

BY THE COURT:

Tena Campbell
United States District Judge